## Minnie Weber York, Appellant, *v.* John Weber et al.

*Will—Construction.*

Testator directed as follows: "I give and bequeath all my messuage, lands, tenements and hereditaments . . . . to my dear wife Tracie Weber for life, and after her death, to my granddaughter Minnie Weber of Hyde Park said county and State, I give and bequeath the sum of two hundred dollars to be paid to her on attaining the age of twenty-one years, if living at that time. But if not living my will is that the said sum of two hundred dollars shall sink into, and become and be part of the residue of my personal estate." Testator further directed that after the death of his wife "his messuage, land, tenement and hereditaments" should be appraised and divided into three equal parts for his three children, naming them. *Held*, that the granddaughter Minnie took no interest in testator's lands.

Argued Feb. 21, 1900. Appeal, No. 2, Jan. T., 1900, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1898, No. 359, on verdict for defendants. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for land in Taylor borough. Before ARCHBALD, P. J.

Plaintiff claimed title under her grandfather's will.

The will as printed in appellant's paper-book was as follows:

" In the name of God, amen.    I, John Weber Sr. of Taylorville said County of Lackawanna, and State of Pennsylvania. Being in good health of body, and of sound and disposing mind and memory, do make and declare this to be my last will and testament, in manner following, that is to say, I order that all my just debts, funeral expenses and charges of proving this my last will, be in the first place fully paid and Satisfied, and after payment thereof, and every part thereof, I give and bequeath all my messuage, lands, tenements and hereditaments whatsoever situate, lying and being in the County of Lackawanna with their appurtenances, and all the rents which shall be due and owing to me at my death, for the aforesaid messuage, lands, tenements and hereditaments, to my dear wife Tracie Weber for life, and after her death, to my granddaughter, Minnie Weber of Hyde Park said County and State.    I give and bequeath the sum of Two Hundred Dollars, to be paid to her on attaining the age of twenty-one years, if living at that time.    But if not living, then my will is that the said sum of two Hundred Dollars shall sink into, and become, and be part of the residue of my personal estate.    And as to all the rest and residue of my personal estate and effects whatsoever, which shall remain after the death of my dear wife Tracie Weber, her debts and funeral expenses paid and the aforesaid specific and pecuniary legacies and interest, then my will is, that all the residue of all my messuage, lands, tenements and hereditaments shall be indifferently appraised, and after such appraisement made, that the same shall be divided into three equal parts, which I give and bequeath unto and amongst my three children John, Joseph, and my Daughter, Minnie Kiefer, to be divided amongst them share and share alike, my son John to have the preference or first choice of his equal third part.    And I nominate and appoint John Weber, Jr. and Nicholas Kiefer, Executors of this my last will and testament.    In witness whereof I, the said testator John Weber Sr. have to this my last will and testament set my hand and seal the 12th day of April A. D. 1890."

The court charged as follows :

There is no serious difficulty with this case as I see it.    Both

parties claim under Mr. Weber, who died in possession of the real estate that is in controversy. The plaintiff here is his grand-daughter, and the defendants are two of his children and the representatives or children of the third, who has died, Joseph Weber. Both claim under the will. [My construction of the will is this: That he gave to his widow for life his real estate, situated in this county; to his granddaughter he gave a legacy of $200, to be paid to her after his wife's death, provided the child attained the age of twenty-one years; if she did not reach that age, this $200 fell back into the residue of the estate. Then as to the balance of his property after the death of his wife, and in case this $200 fell back into the estate in this way, he directed it should belong to his three children, naming them, John, his son, Minnie Kiefer, his daughter, and Joseph Weber, a third child who is now dead. The construction contended for by the plaintiff that this property was left to her by her grandfather after the death of the widow cannot be maintained, in my view. I think it is very easy if you only read it aright. For instance, by the first part of the will, he gives and bequeaths all his lands, tenements and hereditaments in Lackawanna county, with their appurtenances, and all the rents due and owing at his death, " to my dear wife, Tracie Weber, for life." Now, that is a complete disposition of it so far. Then the next idea in his will is to provide a legacy for his granddaughter: " and after her death to my granddaughter, Minnie Weber, of Hyde Park, said county and state, I give and bequeath the sum of two hundred dollars, to be paid to her on attaining the age of twenty-one years, if living at that time." Now, that is complete in itself; there is no wresting of the words, no twisting of them about, and no difficulty of understanding. The plaintiff's contention, however, it seems to me, would twist these about from their natural construction. Then the third provision of the will, after providing that this legacy of $200 is to sink back and become a part of the residue in case the child did not attain the age of twenty-one years, is as follows: " And as to all the rest and residue of my personal estate and effects whatsoever, which shall remain after the death of my dear wife Tracie Weber, her debts and funeral expenses paid, and the aforesaid specific and pecuniary legacies and interest, then my will is, that all the residue of all my messuage,

lands, tenements and hereditaments shall be indifferently appraised, and after such appraisement made, that the same shall be divided into three equal parts, which I give and bequeath unto and amongst my three children, John, Joseph, and my daughter, Minnie Kiefer, to be divided amongst them share and share alike, my son John to have the preference of the first choice of his equal third." Reading it in that way, there is no difficulty. The other way involves material, serious difficulty and conflict, and in my judgment is not the construction to be put upon the will, reading it and getting at the intent of Mr. Weber from the four corners of the instrument.] [1]

[Taking that view of the case there is nothing for you but to find a verdict in favor of the defendants. The responsibility of that verdict rests upon me in view of the construction which I give to this will. The clerk will take your verdict to that effect.] [2]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. H. Jessup*, with him *John F. Scragg*, for appellant, cited Gillmer v. Daix, 141 Pa. 505, White's Est., 174 Pa. 642, Loeser's Est., 167 Pa. 498, Cauffman v. Long, 82 Pa. 77, and Provenchere's App., 67 Pa. 466.

*Cornelius Comegys*, with him *Henry A. Knapp* and *Joseph O'Brien*, for appellees, cited Gilmor's Est., 154 Pa. 523, Wusthoff v. Dracourt, 3 Watts, 240, Marshall's App., 2 Pa. 388, France's Est., 75 Pa. 220, Hitchcock v. Hitchcock, 35 Pa. 393, and Schott's Est., 78 Pa. 40.

PER CURIAM, March 12, 1900:

We are thoroughly convinced that the construction put upon the will of John Weber in relation to the interest of the plaintiff was correct. The reasons for that construction are well expressed in the charge to the jury and we therefore affirm the judgment on the charge of the court.